**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL REYES, | No. 21-16542 |
| Plaintiff-Appellee, | D.C. No. 4:21-cv-03362-PJH |
| v. | |
| HEARST COMMUNICATIONS, INC., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted June 17, 2022[**]
San Francisco, California

Before:  S.R. THOMAS, BEA, and H. THOMAS, Circuit Judges.

Hearst Communications, Inc. appeals the district court's order denying its

motion to compel arbitration of claims asserted by Manuel Reyes. We have

jurisdiction under 9 U.S.C. § 16(a). We affirm.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.      The district court did not err in finding that Reyes is a transportation worker engaged interstate commerce, and that the Federal Arbitration Act therefore does not apply to his claims. *See* 9 U.S.C. § 1; *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904, 909 (9th Cir. 2020). Reyes stated in his declaration that the advertisements he delivered were "shipped in boxes from other states." The district court could reasonably infer that Reyes would know from observation or experience where the boxes originated. The fact that the newspapers and magazines arrived by large trucks and on wooden shipping pallets was additional circumstantial evidence that they, too, arrived from out of state. And the district court reasonably concluded that Hearst's arguments to the contrary were undermined by its failure to produce any evidence that its publications originated within California.

2.      The district court correctly concluded that Hearst's arbitration agreement with Reyes, including the provision delegating the adjudication of threshold issues to the arbitrator (the "delegation clause"), could not be enforced under the California Arbitration Act because it is unconscionable under California law.

a.      Reyes sufficiently raised a specific unconscionability challenge to the delegation clause. *See Tiri v. Lucky Chances, Inc.*, 226 Cal. App. 4th 231, 240–41 (2014). Reyes argued at the hearing on the motion to compel arbitration that the

2

delegation clause was not enforceable. He submitted an additional filing after the hearing in which he expressly asserted that the delegation clause was procedurally and substantively unconscionable. The district court understood Reyes to be making a specific challenge to the delegation clause, and it assessed the unconscionability of the clause separately from the arbitration agreement as a whole, as California law requires. *See id.; cf. Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 543 (9th Cir. 2016).

b.     Under California law, when an employer requires an employee to arbitrate unwaivable statutory claims, the arbitration agreement must adhere to certain requirements, including that the agreement cannot "require [the] employee[] to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum." *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 102 (2000); *see Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1002–04 (9th Cir. 2021). The district court correctly held that Hearst's arbitration agreement with Reyes violated this rule because it contained a provision requiring Reyes to pay an equal share of all arbitration fees.

Contrary to Hearst's arguments, Reyes was not required to introduce evidence of the amount of fees he would be required to pay to arbitrate threshold unconscionability issues. The agreement, on its face, requires that he pay an equal share of all fees incurred. That is a violation of California law, regardless of

3

whether Reyes could afford arbitration. *See Armendariz*, 24 Cal. 4th at 102; *Lim*, 8 F.4th at 1004 ("[I]mposing arbitration expenses on an employee that he would not otherwise bear in federal court is unconscionable regardless of his ability to pay.").

The rule from *Armendariz* applies to the unwaivable statutory claims Reyes asserts in this action, including claims under California Labor Code § 1194. *See Gentry v. Superior Court*, 42 Cal. 4th 443, 456–57 (2007), *abrogated on other grounds by AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011); *Lim*, 8 F.4th at 996, 1002–04 (applying *Armendariz* to claims similar to those asserted by Reyes). Hearst's contention that equally apportioning arbitration fees comports with the default rule of California Code of Civil Procedure § 1284.2 is squarely foreclosed by *Armendariz*. 24 Cal. 4th at 112–13.

Finally, Hearst's argument that Reyes could challenge his obligation to pay arbitration fees before the arbitrator finds no support in the language of the agreement. The agreement authorizes the arbitrator to resolve disputes related to the apportionment of fees, but it does not empower the arbitrator to depart from the contracted rule of equal apportionment. Even if the agreement did grant the arbitrator discretion to excuse Reyes from paying fees, it would still impose an impermissible risk that the arbitrator would not exercise that discretion, leaving Reyes with fees he would not otherwise bear in federal court. *See Armendariz*, 24 Cal. 4th at 110; *Lim*, 8 F.4th at 1004.

4

c. The district court correctly found that there was sufficient evidence of procedural unconscionability that, when combined with the substantively unconscionable fee-splitting provision, rendered the arbitration agreement and delegation clause unconscionable. Hearst did not dispute that all delivery persons entered into substantially similar form agreements, which is some evidence of procedural unconscionability. *See Poublon v. C.H. Robinson, Co.*, 846 F.3d 1251, 1261 (9th Cir. 2017). The district court did not, as Hearst asserts, improperly refuse to resolve factual disputes related to Reyes's knowledge of English and ability to understand the arbitration agreement. Rather, the court considered the parties' competing narratives and "f[ound] [Reyes's] version . . . persuasive."

d. The district court did not abuse its discretion by declining to sever the fee-splitting provision from the rest of the arbitration agreement. *See Lim*, 8 F.4th at 999 (standard of review). The court was well within its discretion to conclude that severance was not appropriate given Hearst's inclusion of a fee-splitting provision that has been impermissible under *Armendariz* for more than two decades. *See Armendariz*, 24 Cal. 4th at 124 n.13; *Lim*, 8 F.4th at 1005–06.

**AFFIRMED.**

5